IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD F. HENRY | : | CIVIL ACTION |
| | : | NO. 10-03514 |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | |
| | : | |

O'NEILL, J.                                                                                                                                                                                  October 21, 2010

**<u>MEMORANDUM</u>**

On July 16, 2010, plaintiff Willard F. Henry, a resident of Chillicothe, Ross County, Ohio[1] filed this action in the Eastern District of Pennsylvania asserting claims against defendant CSX Transportation, Inc. (CSXT) pursuant to the Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60.[2] Plaintiff alleges that between 2006 and 2009 while employed as a track inspector for CSXT based out of Chillicothe, Ohio he was exposed to occupational risk factors for carpal tunnel syndrome as a result of CSXT's negligence. He asserts that after being diagnosed with bilateral carpel tunnel syndrome in October 2008, he required surgery.

Now before me is the motion of CSXT to transfer venue in this matter to the Southern District of Ohio, Eastern Division. For the reasons that follow I will grant the motion to transfer.

---

[1]Ross County Ohio is located within the United States District Court for the Southern District of Ohio, Eastern Division which is situated in Columbus, Ohio.

[2]Plaintiff filed a complaint against CSXT pursuant to FELA in the Philadelphia County Court of Common Pleas on February 5, 2010. CSXT moved to dismiss plaintiff's complaint based on *forum non conveniens* and on June 16, 2010, CSXT's motion was granted. Plaintiff thereafter refiled his action in this Court.

STANDARD FOR VENUE TRANSFER

Two venue provisions are relevant to CSXT's motion to transfer.  FELA provides that "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."  45 U.S.C. § 56.  Venue is proper in this District as a district where CSXT does business.  CSXT seeks transfer to the district where plaintiff's employment was centered.  The standard for transferring cases from one venue to another is set forth in 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In determining whether to grant CSXT's request to transfer venue, I must consider

> (a) the plaintiff's forum preference as manifested in the original choice when the action was initiated; (b) the defendant's preference; (c) whether the claim arose elsewhere; (d) the relative convenience of the parties as indicated by their relative physical and financial conditions; (e) and the location of the witnesses, books and records, to the extent that the witnesses, books, or records may actually be unavailable for trial in one of the fora.

Dynka v. Norfolk Southern Ry. Corp., No. 09-4854, 2010 WL 2490683 at * 2 (E.D. Pa. Jun. 15, 2010).  I must also consider

> (a) the enforceability of the judgment; (b) practical considerations that could make the trial easier, more expeditions, or less expensive; (c) the relative administrative difficulty in the two fora resulting from court congestion; (d) and the local interest in deciding local controversies at home.

Id.  The burden is on CSXT to show that a balancing of these factors weighs in favor of transfer. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995) ("The burden of establishing

-2-

the need for transfer still rests with the movant.").

Courts in this District are divided as to whether, in cases involving FELA, the plaintiff's choice of forum requires a heightened level of deference. See Barr v. Nat'l RR Pass. Corp., No. 08-CV-2529, 2009 WL 3497776, at * 3 (E.D. Pa. Oct. 28, 2009). Even if the plaintiff's choice of forum is to be accorded special consideration in a FELA action, the FELA choice of venue provision "does not preclude a Section 1404(a) transfer." Dynka, 2010 WL 2490683 at * 2. See also Dominy v. CSX Transp., Inc. No. 05-481, 2006 WL 573801, at * 2 (E.D. Pa. Mar. 9, 2006)("no conflict between the venue transfer statute, 28 U.S.C. §1404(a), and Section 6 of the FELA, 45 U.S.C. § 56"); Colandrea v. National R.R. Passenger Corp., No. 99-2793, 2000 WL 186105, at *3 (E.D. Pa. Jan. 28, 2000) (internal quotation omitted) ("even assuming for the sake of argument that the burden is especially heavy in a FELA case, the Court finds that a transfer is warranted because Amtrak has made a clear, definite, and unequivocal case for the transfer").

DISCUSSION

Although plaintiff filed this action in the Eastern District of Pennsylvania and would like the case to remain in this district, his claims have no direct connection to this district. In contrast, CSXT has enumerated several factors that weigh in favor of granting transfer. Plaintiff's choice of venue is "markedly over-balanced" by the location where plaintiff's alleged injuries arose and the location of relevant witnesses. Kramer v. Consolidated Rail Corp., No. 97-1102, 1997 WL 214858, at *1 (E.D. Pa. Apr. 24, 1997). See also O'Laughlin v. Consolidated Rail Corp., No. 98-2224, 1999 WL 124393, at *2 (E.D. Pa. Feb. 9, 1999) ("A jury in the [pending forum] would have only an attenuated and technical relation to the litigation, while a [transfer forum] jury would have a real and substantial interest in resolving a local conflict.").

Plaintiff asserts that he has "worked in various locations throughout Pennsylvania during [his] career as a trackman with [CSXT]." However, Plaintiff does not allege that he has worked for CSXT in the Eastern District of Pennsylvania, traveled to the Eastern District of Pennsylvania in connection with his job, or attended any job-related training in the Eastern District of Pennsylvania. The alleged injuries giving rise to plaintiff's claims could not have arisen in this District when plaintiff did not work this District. Gunder v. CSX Transp., Inc., No. 08-6029, 2009 WL 2004377 at * 3 (E.D. Pa. Jul. 8, 2009).

CSXT identifies five CSXT employees or former employees who worked with plaintiff and who it expects will testify as to plaintiff's work habits, working conditions, or work behavior each of whom live and/or work in Ohio, and *not* in Pennsylvania. See Dynka, 2010 WL 2490683 at *2 (granting transfer where "six of the seven likely employee fact witnesses who have been identified by [defendant] reside in the [transfer forum]"); Gunder v. CSX Transp., Inc., No. 08-6029, 2009 WL 2004377, at *2 (E.D. Pa. Jul. 8, 2009) (noting proposed transfer forum was more convenient for defendants where three employees identified by defendant as potential witnesses all resided in or near transfer forum); Whigham v. CSX Transp., Inc., No. 04-4518, 2005 WL 441356, at *1 (E.D. Pa. Feb. 23, 2005) (granting transfer where "the [p]laintiff, all the witnesses to any injuries, and all witnesses who would testify about [p]laintiff's employment with CSX are located in the [transfer forum]"). Cf. Szabo v. CSX Transp., Inc., No. 05-4390, 2006 WL 263625, at *2 (E.D. Pa. Feb. 1, 2006)("identifying only one key witness who lives in the transferee forum is not sufficient to establish a 'clear case of convenience'"); Roar v. CSX Transp., Inc. No, 04-1927, 2004 WL 2252117, at *2 (E.D. Pa. Oct. 6, 2004) (denying transfer request where defendant only identified one significant witness in transfer forum and plaintiff

had designated expert witnesses located in the area of plaintiff's chosen forum).

CSXT asserts that it has also identified numerous medical providers for plaintiff who are located in Ohio. CSXT claims that according to the medical records obtained to date plaintiff received treatment for his alleged injuries from two physicians located in Chillicothe, Ohio. These doctors are beyond the subpoena power of this District and would be unavailable for trial unless they are willing to testify voluntarily. "It is up to each individual doctor whether or not he testifies and if they decide not to testify, they would be unavailable." Gunder, 2009 WL 2004377, at * 3. See also Potrykus v. CSX Transp. Inc., No. 08-3729, 2009 WL 466573 (E.D. Pa. Feb. 25, 2009) (finding that unavailability of witnesses located beyond the subpoena power of the court "weighs heavily in favor of a transfer").

Plaintiff, on the other hand, alleges that "[o]n one occasion I injured one of my fingers and had surgery at a hospital in Hanover, Pennsylvania." Hanover is in York County, Pennsylvania, which is served by the United States District Court for the Middle District of Pennsylvania, not the Eastern District of Pennsylvania. Plaintiff has not identified any medical providers who provided treatment for his alleged injuries in this District.

Plaintiff states that his wife would testify on his behalf and that she "would travel with him to court . . . ." However, plaintiff has not established that his wife would be inconvenienced if this case were transferred to the Southern District of Ohio. Although plaintiff does not state his wife's residence presumably she also lives in Ohio.[3] The other witnesses identified by plaintiff – two CSXT employees who might testify regarding CSXT's knowledge pertaining to

---

[3] If her residence were in the Eastern District of Pennsylvania, it seems logical to surmise that plaintiff would have made a note of this in his briefing.

ergonomic risk factors – live in Jacksonville, Florida and would be required to travel regardless of whether the case proceeds in this District or in the Southern District of Ohio. See Whigham, 2005 WL 441356, at * 1 (plaintiff's liability expert would be required to travel to either the pending forum or the transfer forum and thus his location did not weigh in favor of retaining plaintiff's chosen venue). Indeed, plaintiff has not identified a single likely witness located in this District. Cf. Askew v. CSX Transp., Inc., No. 05-5915, 2008 WL 4347530, at * 2 (denying transfer where defendant's physician who examined plaintiff was located in the pending forum) (E.D. Pa. Sep. 22, 2008); Coble v. Consolidated Rail Corp., No. 92-2386, 1992 WL 210325 (E.D. Pa. Aug. 26, 1992) (denying transfer where plaintiff's medical experts were located in the pending forum).

  Plaintiff's argument that venue should not be transferred because plaintiff's counsel is not admitted to the Ohio bar is of no moment. "[T]he policy behind § 1404 would be thwarted, even in a FELA case, if the place of business of Plaintiff's lawyer would be allowed to dictate the place of trial." Whigham, 2005 WL 441356, at * 1. See also Potrykus, 2009 WL 466573, at *3 n.2, quoting Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 469 (E.D.Pa.1999) ("Indeed, the only apparent tie Plaintiff has to this forum is the fact that his counsel is present here. It is beyond dispute, however, that 'the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28 U.S.C. § 1404(a).'"); O'Laughlin, 1999 WL 124393, at *1 (granting transfer where "the only factor indicating that trial would be more convenient in this District is that [p]laintiff's counsel practices in this area.").

  Plaintiff's argument that he will be prejudiced by a transfer given a currently scheduled January 13, 2010 arbitration hearing in this matter is likewise unavailing. Cf., Irwin v. CSX

Transp., Inc., No. 09-4858, 2010 WL 1071428 (E.D. Pa. Mar. 22, 2010) (court postponed arbitration hearing to rule on motion to transfer venue filed less than one month prior to scheduled arbitration hearing); Szabo, 2006 WL 263625, at *2 (E.D. Pa. Feb. 1, 2006)(denying venue transfer one and one half months prior to scheduled arbitration hearing where transfer would delay resolution of the case *and* defendants failed to show a clear case of convenience). It is unclear how a transfer of this action will cause a substantial delay in its resolution where, as plaintiff admits, discovery is nearly complete. Further plaintiff does not identify how he will be prejudiced by any possible delay caused by a transfer of venue. See Verilla v. Consolidated Rail Corp., No. 92-0437, 1992 WL 150699, at *2-3 (E.D.Pa. June 17, 1992) (fact that average time needed to get case to trial in transfer forum was twelve months longer than in pending forum held an insufficient reason to prevent transfer of case in FELA action).

    Based on the foregoing, the availability and convenience of the witnesses and parties preponderate in favor of defendant's preference for the Southern District of Ohio as the appropriate forum for this action. I will transfer this action.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD F. HENRY | : | CIVIL ACTION |
| | : | NO. 10-03514 |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | |
| | : | |

## **ORDER**

AND NOW, this 21st day of October, 2010, upon consideration of defendant's motion to transfer venue and plaintiffs response thereto, it is ORDERED that defendant's motion is GRANTED.  This action is TRANSFERRED to the United States District Court for the Southern District of Ohio.

    *s/Thomas N. O'Neill, Jr.*
THOMAS N. O'NEILL, JR., J.