**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Willard F. Henry,

    Plaintiff,

v.

CSX Transportation, Inc.,

    Defendant.

Case No. 2:10-cv-1056

Judge Graham

Magistrate Judge Abel

ORDER

Before the Court is defendant CSX Transportation, Inc.'s motion *in limine* regarding the causation standard to be applied under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*. (Doc. 53.) Defendant argues that the proper causation standard under FELA is proximate cause.

Remarkably absent from defendant's motion is any reference to CSX Transportation, Inc. v. McBride, 131 S.Ct. 2630 (2011), a case that goes directly against defendant's argument and *in which defendant was a party*. The Supreme Court in McBride was exceedingly clear:

> In accord with the text and purpose of the Act, this Court's decision in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), and the uniform view of federal appellate courts, we conclude that the Act does not incorporate "proximate cause" standards developed in non-statutory common-law tort actions. The charge proper in FELA cases, we hold, simply tracks the language Congress employed, informing juries that a defendant railroad caused or contributed to a plaintiff or employee's injury if the railroad's negligence played any part in bringing about the injury.
> 131 S.Ct. at 2634.

Given the clarity of the Supreme Court's holding, defendant's argument that proximate cause is the proper standard is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." FED. R. CIV. PRO. 11(b)(2). The motion is DENIED.

IT IS SO ORDERED.

                                                                 s/ James L. Graham
                                                                 JAMES L. GRAHAM
                                                                 United States District Judge

DATE: August 31, 2012